In re MOHICAN PENCIL CO.

No. 21350.

District Court, E. D. Pennsylvania.

April 8, 1941.

Herman H. Krekstein and Hirschwald, Goff & Rubin, all of Philadelphia, Pa., for Reorganization Trustees.

Jenkins, Bennett & Libby, of Philadelphia, Pa., for debtor.

Harry G. Liese, of New York City, for Creditors' Committee.

KALODNER, District Judge.

Pursuant to notice given to all interested parties, petitions for allowances were heard by this court on April 1, 1941.

The requested allowances for services total $11,600.

The debtor, Mohican Pencil Company, an old-established Philadelphia concern, filed its petition for corporate reorganization under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on May 9, 1940. Reorganization trustees were appointed on May 16, 1940. The concern was operated by the trustees until February 11, 1941, when an order adjudicating the debtor a bankrupt was entered, following failure of intensive efforts to effect a reorganization plan.

The names of the petitioning parties and the allowances requested by each are as follows:

1. Hirschwald, Goff & Rubin, Esquires, and Herman H. Krekstein, Esquire, counsel for the reorganization trustees ........ $ 6,000
2. Edward Stone, Esquire, reorganization trustee ............ 3,200
3. Jenkins, Bennett & Libby, Esquires, attorneys for the debtor company .................... 1,000
4. Harry G. Liese, Esquire, attorney for the creditors' committee 750
5. A. F. Haderer, trustees' accountant ......................... 200
6. Sidney Berg, John Ryan and Frederick G. Epp, appraisers... 450

Total .................:.. $11,600

In addition, Hirschwald, Goff & Rubin requested allowance of expenses of $124.-02; Herman H. Krekstein, allowance of expenses of $5.20; Jenkins, Bennett & Libby, allowance of expenses of $28.02; and Harry G. Liese, allowance of expenses of $72.25.

The Reconstruction Finance Corporation requested allowance of expenses of $202.50. It appearing at the hearing that the Reconstruction Finance Corporation had already presented its claim to the referee, it was ordered that the referee dispose of the Reconstruction Finance Corporation petition.

(1) Claim of Hirschwald, Goff & Rubin, and Herman H. Krekstein, for $6,000:

Counsel for the reorganization trustees testified that they spent five hundred hours in the discharge of their duties; that they appeared on twelve separate days in court; that they spent three days in New York conferring with creditors in connection with reorganization plans which proved futile; that they held numerous conferences with banks, finance companies, the Reconstruction Finance Corporation, etc.

In addition, counsel for the reorganization trustees described in detail, both in their petition for allowances and at the hearing, their services in connection with the operation of the business of the debtor company.

(2) Claim of Edward Stone for $3,200:

Mr. Stone was one of two reorganization trustees. His co-trustee, T. Harris Keon, has not filed a petition for allowance, inasmuch as he was paid the sum of $125 per week for forty weeks, under order of this court, for full time service as manager of the debtor's business. He had previously been an employee of the debtor company. In his petition Mr. Stone set forth that he was engaged almost daily in connection with the affairs of the debtor company from May 16, 1940, until February 11, 1941, when the adjudication in bankruptcy was entered. He devoted himself particularly, in conjunction with counsel, to financing the operation of the business, as well as the many details and matters concerned· with the operation of the debtor company's affairs. From May 16, 1940, until February 11, 1941, there were manufactured and sold products of the debtor company in the sum of $155,206. Mr. Stone's petition recites considerable effort and time devoted to attempted reorganization. By prior order of this court, Mr. Stone received $800 so that the $3,200 requested by him would make a total of $4,000. His co-trustee received approximately $5,000 as previously mentioned.

(3) Claim of Jenkins, Bennett & Libby, attorneys for the debtor company, for $1,000:

Their claim is predicated upon reorganization efforts and cooperation in the operation of the debtor company.

(4) Claim of Harry G. Liese for $750:

Liese was attorney for a committee of general unsecured creditors. His claim is also predicated upon services rendered in the unsuccessful reorganization efforts.

(5) Claim of A. F. Haderer, trustees' accountant, for $200:

This claim is for preparation of the first and final accounts of the trustees, and preparation of tax returns of the debtor company for the year ended December 31, 1940.

(6) Claim of Sidney Berg, John Ryan, and Frederick G. Epp, appraisers, for $450:

The appraisers were previously allowed $150 each. They ask for $300 each, or a total of $900, having spent twenty days in their appraisal duties.

It appears from the petitions filed, and from the first and final accounts of the trustees, that as of the date of adjudication of bankruptcy, February 11, 1941, there were unsecured liabilities of $62,419 and liabilities having priority of $7,223.91, the latter consisting of trustees' obligations of $6,928.65 and accrued social security and wage taxes of $295.26.

It further appears that after making allowances for payment of all lien and secured claims, and payment of the trustees' obligations, that in final liquidation there will be available the sum of approximately $12,000 of which $7,500 is now on hand.

 I mention this fact because, under a recent decision of the United States Circuit Court of Appeals for this Circuit, in Re Columbia Ribbon Company, Bankrupt, February· 5, 1941, 117 F.2d 999, 1001, it was ruled:

"Under the provisions of these two sections [section 246 of Chapter X of the Bankruptcy Act (11 U.S.C.A. § 646) and· section 238 of Chapter X (11 U.S.C.A. § 638)] it is clear that when an unsuccessful reorganization proceeding under Chapter X, 11 U.S.C.A. § 501 et seq., is followed·by a liquidation proceeding under the other provisions of the Bankruptcy Act the allowances made by the court in the reorganization proceeding as well as the costs and expenses incurred by the reorganization trustees in operating the business are to be treated as costs and expenses of administration of the bankrupt estate. * * *

"We think, however, that in making such allowances in a proceeding where reorganization has failed, the court should fix the amount of· the allowances in the light of the fund available for administration expenses and of the other claims upon that fund."

 Obviously, if the court were to approve payment of the $11,600 requested in the petitions for allowances above discussed, as well as $229.49 in expenses requested, there would be nothing available for the payment of administration costs in the bankruptcy proceedings such as compensation to the trustee in bankruptcy, counsel for the trustee in bankruptcy, the referee, etc. ·

In addition, it is important that some recognition be afforded to the status of the unsecured creditors, whose claims are in ex-

cess of $62,000. In view of that situation it becomes necessary—and properly so —considering (1) the debtor's present and ultimate financial status; (2) the services rendered by the various claimants for allowances; and (3) the unsecured creditors, to make the following order and disposition of the various requests for allowances:

(1) Hirschwald, Goff & Rubin, Esquires, and Herman H. Krekstein, Esquire, counsel for the reorganization trustees ....... $3,000
(2) Edward Stone, Esquire, reorganization trustee ............ 1,600
(3) Jenkins, Bennett & Libby, Esquires, attorneys for the debtor company .................... 500
(4) Harry G. Liese, Esquire, attorney for the creditors' committee ........................ Nothing
(5) A. F. Haderer, trustees' accountant .................... 200
(6) Sidney Berg, John Ryan and Frederick G. Epp, appraisers... 300

 Total ................. $5,600

In addition, the following allowances for expenses are approved:

Hirschwald, Goff & Rubin........ $124.02
Herman H. Krekstein ........... 5.20
Jenkins, Bennett & Libby......... 28.02
Harry G. Liese ................ 72.25

 Total ..................... $229.49

It will be noted that while the requested allowances (exclusive of expenses) total $11,600 that the sums approved by this court total $5,600. No allowance has been made to Liese, counsel for the creditors' committee (except for outlay of expenses), because in the opinion of the court, after due consideration, there is no warrant in fact for any allowance.

The allowances for services and expenses total $5,829.49. It was estimated at the hearing by Mr. Hirschwald, of counsel for the reorganization trustees, who is also of counsel for the bankruptcy trustee, that the administration costs in bankruptcy will approximate $1,500. Should that be the case, there will finally be available some $4,700 for distribution to unsecured creditors—making possible a 7½% dividend. In any event, it is the firm opinion of this court that the expenses of administration in bankruptcy should be limited so as to permit a dividend of at least 5% to unsecured creditors. It should be possible, of course, to make this dividend larger, and the referee should seek to accomplish a maximum dividend to these unsecured creditors.

Let counsel for the trustees submit an order of distribution.