## In re GARFIELD FIRE CLAY CO.
### No. 20099.

District Court, W. D. Pennsylvania.
Feb. 14, 1942.

SCHOONMAKER, District Judge.

We confirmed an order of the Referee in Bankruptcy which denied priority in distribution to the claims of the Commonwealth of Pennsylvania to use the Unemployment Compensation Fund, Department of Labor and Industry.

The Commonwealth filed a petition for reargument which was opposed by the trustees in bankruptcy. The petition was heard and the case was again considered on the merits.

In the petition for reargument, counsel for Commonwealth urged that our order of July 31, 1941, was inconsistent with the decision of the Circuit Court of Appeals filed June 30, 1941, In re Wm. Akers, Jr. Co., Inc., 3 Cir., 121 F.2d 846, 135 A.L.R.

1503, which held that the Pennsylvania Unemployment Compensation Act, 43 P.S. Pa. § 751 et seq., was a taxing Act. In light of this decision, we shall have to reconsider this case.

First, the claim of the Commonwealth of Pennsylvania for $2,237.83 represents contributions due and owing to the Commonwealth prior to filing the petition in bankruptcy in this case. This has the status of a tax-claim. But there are no funds available after payments on account of administration expenses from which this claim could now be paid, and so we can at this time make no distribution to this claim. Hereafter should such funds arise, this claim would be awarded the status of a tax-claim.

Next, the Commonwealth claim of $3,029.88 for contribution under the Pennsylvania Act, accrued subsequent to the filing of the petition in bankruptcy in this case during the period that the trustees, the debtor in possession, and the liquidating trustees were operating the business. The Referee found that this claim could not be awarded priority on the basis that it was a tax, or that it was an administrative expense. Since the decision of the Circuit Court of Appeals in Re Wm. Akers, Jr. Co., supra, we must conclude it is a tax-claim, and stands in the same category as the claim of the Commonwealth for the period of time preceding the filing of the petition in bankruptcy. As to whether this claim is also allowable as an administrative expense while the bankrupt business was in operation by trustees or the debtor in possession, the Referee held that the Commonwealth, in the claim itself, does not request its allowance as an administrative expense. That, however, is not fatal to the claim, if it is really allowable as an administrative expense.

Our opinion is that the Commonwealth's claim is properly allowable as an administrative expense. The trustees or the debtor in possession carried on the business under order of court; and these taxes were inescapable, if the business was to be carried on. They are, therefore, properly classed as expenses of administration, and are so payable. It was so ruled in Re Lambertville Rubber Co., 3 Cir., 111 F.2d 45, 50.

In this case, Circuit Judge Biggs said, pages 49 and 50 of 111 F.2d: "The trustee

was authorized expressly to carry on the business of the debtor. The taxes which he incurred were inescapable if that business was to be carried on. They were therefore expenses of administration when incurred. Section 77B, sub. k(5) [11 U.S.C.A. § 207, sub. (k) (5)], provides that upon entry of an order of liquidation, 'debts shall be entitled to priority as provided in section 64(104);' We are of the opinion that the word 'debts' includes expenses of administration, which are debts incurred by the trustee. These debts of the trustee included the claim of the appellant, the taxes and all other expenses of administration. All were on a parity before the entry of the order of liquidation and they remained upon a parity after the order of liquidation was filed. All were payable as expenses of administration pursuant to the provisions of Section 64 of the Bankruptcy Act as amended. * * *" See, also, In re Columbia Ribbon Co., 3 Cir., 117 F.2d 999.

The Referee has found, as to the merits of the Commonwealth claim for this period, that the temporary trustees operated only from December 8, 1938, to January 25, 1939; the permanent trustees only from January 25, 1939, to April 13, 1939; and that neither the temporary trustees nor the permanent trustees operated for some portion for each of some twenty days during any calendar year, each day being in a different week. The Referee has overlooked the fact that the bankrupt's business was operated by the debtor in possession, subject to the control of this court, from March 1, 1938, to December 8, 1938.

■ The Referee, in his opinion, has indicated that in refusing the allowance of this claim, he has not based his decision on that point, but rather on the wording of the Pennsylvania Unemployment Compensation Law itself. In view of the ruling of the Circuit Court of Appeals in Re Wm. Akers, Jr. Co., Inc., supra, this disallowance will have to be set aside and this claim reconsidered again by the Referee as an administrative expense on a parity with the other administrative expenses. In view of the fact that, as appears by the report of the Referee, there are insufficient funds to pay the administrative claims in full, this compensation claim, in such amount as the Referee finds is due under the Pennsylvania Compensation Act, is to be allowed pro rata with the other administrative expenses in this case.

We note in connection with this claim that the Commonwealth is claiming $3,029.-88, which includes $257.26 interest. In our view, the Commonwealth could not claim interest on this claim as an administrative expense. Therefore, in considering this claim as an administrative expense, the Referee should exclude the interest and allow only the face of the claim, $2,772.62, in figuring the pro rata share to be awarded to it.

In view of the foregoing opinion, our order of July 31, 1941, confirming the order of the Referee dated April 30, 1940, denying a priority status to these claims of the Commonwealth of Pennsylvania, will be vacated and set aside; and said order of the Referee will be vacated, and he directed to make a new order in accordance with this opinion.