MISSOURI *v.* ROSS, TRUSTEE, ET AL.

No. 3.  Submitted October 12, 1936.—Decided November 9, 1936.

*Mr. Gilbert Lamb,* with whom *Mr. Roy McKittrick,* Attorney General of Missouri, was on the brief, submitted for petitioner.

*Mr. Edgar H. Wayman* submitted for respondents.

Mr. Justice Sutherland delivered the opinion of the Court.

The respondent Ross is a trustee in bankruptcy. The estate of the bankrupt was indebted to the State of Missouri for taxes in the sum of $8,366.38, with interest, and to the City of St. Louis for taxes in the sum of $8,972.30 and interest. The funds of the estate were insufficient to pay these taxes in full. The referee held that the claims of the state and city were of equal rank under § 64 of the Bankruptcy Act, and that the available funds should be prorated between the claims according to their respective amounts. He therefore denied the motion of the state for priority.

The order of the referee was approved and confirmed by the district court; and upon appeal to the circuit court of appeals, the order of the district court was affirmed. 80 F. (2d) 329.

The referee and both courts proceeded upon the theory that by § 64 b, ¶ 6, of the Bankruptcy Act, all taxes, whether of the United States, state, county, district or municipality, were placed on a parity. We agree with that view.

Section 64a requires the payment of all taxes "legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof." Paragraph (b) prescribes the order of priority in which debts shall be paid in advance of the payment of dividends to creditors, the sixth order being "taxes payable under paragraph (a) hereof," and the seventh order being "debts owing to any person who by the laws of the States or the United States is entitled to priority." The text of paragraph (b) in full appears in the margin.[1]

---

[1] "(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates,

*First.* By this enumeration it is clear that Congress intended to establish seven distinct classes of indebtedness and establish their priority in respect of one another in the order set forth. When it came to the sixth paragraph, it embodied taxes payable under paragraph (a), there enumerated as taxes due the United States, state, county, district, or municipality. The intention clearly was to put these various governmental units in respect of their taxes in a single class upon terms of equality with one another. Since Congress was at pains to set forth the order of priority in distinct paragraphs under separate numerals, we

---

and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases, and, where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expense of such recovery; (3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow; (4) where the confirmation of composition terms has been refused or set aside upon the objection and through the efforts and at the expense of one or more creditors, in the discretion of the court, the reasonable expenses of such creditors in opposing such composition; (5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; (6) taxes payable under paragraph (a) hereof and (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: *Provided,* That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States." [11 U. S. C. 104.]

are unable to reach any other conclusion. If it had been intended to establish priorities as among the governmental units named in the order in which they appear in the 6th paragraph, the very structure of § 64 b plainly suggests that each would have appeared under a separate numeral instead of all being grouped under a single numeral.

In *New Jersey* v. *Anderson,* 203 U. S. 483, 489, this court specifically said: "The requirement of the present law is a wide departure from the Act of 1867, and specifically obliges the trustee to pay all taxes legally due and owing, without distinction between the United States and the State, county, district, or municipality." It is true that this statement was not necessary to the decision; but it nevertheless correctly states our view as to the meaning of the clause under consideration, and is now definitely approved. The decision in that case was made nearly thirty years ago, since which time the lower federal courts have almost unanimously followed the rule there stated. We deem it unnecessary to review the decisions, since that has been carefully done by the referee in his certificate, and by the court in its opinion. Among the cases are the following: *In re A. E. Fountain, Inc.,* 295 Fed. 873, 874; *In re Wyley Co.,* 292 Fed. 900, 902; *In re A. J. Waterman Mfg. Co.,* 291 Fed. 589, 594. These decisions are plainly correct; but if they were doubtful, we should at this late day hesitate to disturb them. *United States* v. *Ryan,* 284 U. S. 167, 174. Moreover, Congress in the face of these decisions has permitted the clause as it now appears in paragraph (6) to stand for many years without change in its phraseology, although amending that portion of the Bankruptcy Act in other particulars. This is persuasive evidence of the adoption by that body of the judicial construction. *United States* v. *Ryan, supra,* at p. 175; *Sessions* v. *Romadka,* 145 U. S. 29, 41–42.

*Second.* The state urges that the question is controlled by paragraph (7), which gives priority in the seventh degree to "debts owing to any person who by the laws of the States . . . is entitled to priority." Section 3152, Rev. Stat. Missouri, 1929, provides that in cases of insolvency, debts due the state shall be first satisfied, and that this priority shall extend to cases in which an act of bankruptcy is committed. The contention is that unpaid taxes constitute debts, and therefore fall within the seventh paragraph. But this conclusion must be rejected; for conceding that taxes are debts, they are carved out of the general provisions of paragraph (7) and put in a special class under paragraph (6), and thus fall within the rule that special provisions prevail over general ones which, in the absence of the special provisions, would control. *Townsend* v. *Little,* 109 U. S. 504, 512; *McKee* v. *United States,* 164 U. S. 287, 294; *Kepner* v. *United States,* 195 U. S. 100, 125; *In re Rouse, Hazard & Co.,* 91 Fed. 96, 101; *In re Slomka,* 122 Fed. 630, 631.

*Decree affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.