In re COLUMBIA RIBBON CO.

Appeal of WINNE, and four other cases.

Nos. 7548, 7554, 7555, 7560, 7608.

Circuit Court of Appeals, Third Circuit.

Feb. 5, 1941.

William W. Evans, of Paterson, N. J., pro se and for John Grossgebauer et al., trustees.

Walter G. Winne, of Hackensack, N. J., pro se.

Herman D. Ringle, of Trenton, N. J., for appellant Unemployment Compensation Commission of New Jersey.

Cole & Morrill, of Paterson, N. J., for appellants George W. Hartke and George B. Martin.

Frank J. Davies, of Paterson, N. J., for appellant Henry Hauser.

T. Ewing Montgomery, of Philadelphia, Pa., and William Harvey Reeves, of New York City, for appellants Forrest S. Dayton et al.

Abraham I. Bluestein, of Paterson, N. J., for appellant Galde Silk Dyeing Co.

H. Collin Minton, Jr., of Trenton, N. J., for liquidating trustee of debtor.

Carroll J. Stark, of Paterson, N. J., for Adolph Grossgebauer.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

On August 24, 1936, the Columbia Ribbon Company, a New Jersey corporation, filed in the District Court for the District of New Jersey its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Subsequently the court approved the petition and appointed John Grossgebauer and George N. Berlet trustees with power to carry on the business of the debtor. Evans, Smith and Evans, Esqs., were designated by the court as counsel for the trustees and Henry Hauser as their accountant. Pursuant to the order of the court the trustees carried on the business of the debtor for a considerable period of time during which efforts were made to effect a reorganization. These efforts were participated in by Walter G. Winne, Esq., as counsel for the debtor and certain of its stockholders and by Forrest S. Dayton, William Harvey Reeves and T. Ewing Montgomery, a committee of creditors.

Reorganization of the debtor proved impossible of accomplishment, however, and on May 29, 1939, the court, pursuant to the provisions of Section 236 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 636 (Chapter X having on September 22, 1938 superseded Section 77B), entered an order adjudging the debtor a bankrupt and directing that its bankruptcy be proceeded with pursuant to the provisions of the Bankruptcy Act. The cause was thereupon referred to a referee and subsequently Charles K. Barton was appointed trustee in bankruptcy, superseding the previously appointed reorganization trustees. The assets of the bankrupt were thereafter liquidated and produced a fund of slightly over $43,000, the proper distribution of which is the question involved in these appeals.

At the time that the debtor was adjudged a bankrupt there were claims of merchandise, tax and wage creditors of the reorganization trustees outstanding and unpaid in an amount in excess of $39,000. Upon application for allowances for services rendered and expenses incurred during the reorganization period the court on March 4, 1940 allowed to Berlet, one of the reorganization trustees, $3,900 for services and $53.06 for expenses, to Grossgebauer, the other reorganization trustee (to whom a weekly interim allowance had previously been paid), $400 for services and $107.85 for expenses, to Hauser, the accountant, $2,200 for services and $42.20 for expenses, to Evans, Smith & Evans, the trustees' counsel, $6,000 for services and $180.80 for expenses, to Winne, counsel for the debtor and certain of its stockholders, $3,500 for services and $135 for expenses, to Dayton, Reeves and Montgomery, the creditors' committee, and their counsel $3,500 for services and $1,852.12 for expenses, and to eight other individuals various sums aggregating $3,185.28. The amounts thus allowed for services and expenses in the abortive reorganization proceeding total $25,056.31. The unpaid expenses of the trustee in bankruptcy in the liquidation

proceeding and the compensation allowed to him and his counsel amount to about $3,-500.

On February 8, 1940, the trustee in bankruptcy petitioned the referee for instructions as to the manner of disbursing the funds in his hands, those funds not being sufficient to pay in full the expenses and allowances of the reorganization and liquidation proceedings. After hearing, the referee recommended that the order of distribution should be: 1. Liquidation expenses; 2. liquidation fees, commissions and allowances; 3. reorganization expenses; and 4. reorganization allowances. These recommendations were adopted by the district court which ordered distribution accordingly. Thereupon Winne, Hauser, Evans, Dayton and his associates, and the Unemployment Compensation Commission of New Jersey and two others took the present appeals with leave of this court.

Section 246 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 646, provides: "Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by· any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings."

Section 238 of Chapter X, 11 U.S.C.A. § 638, provides in part: "Upon the entry of an order directing that bankruptcy be proceeded with—(1) * * * where the petition was filed under section 128 of this Act ·[title], the proceeding shall thereafter be conducted so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time when the petition under this chapter was filed, and a decree of adjudication had been entered at the time when the petition under this chapter was approved."

Under the provisions of these two sections it is clear that when an unsuccessful reorganization proceeding under Chapter X, 11 U.S.C.A. § 501 et seq., is followed by a liquidation proceeding under the other provisions of the Bankruptcy Act the allowances made by the court in the reorganization proceeding as well as the costs and expenses incurred by the reorganization trustees in operating the business are to be treated as costs and expenses of administration of the bankrupt estate. In re Lambertville Rubber Co., 3 Cir., 111 F.2d 45. The costs and expenses of the liquidation trustee appointed after the debtor has been adjudged a bankrupt and the allowances to him and his counsel for their services are, of course, likewise costs and expenses of administration of the estate. When the funds available for the payment of administration expenses are insufficient for that purpose, may the court grant priority of payment to the liquidation expenses and allowances and the reorganization expenses over the reorganization allowances, as was done in this case, or must the court treat them all as on a parity? This is the question presented to us on these appeals.

As we have seen, Section 238 directs that the proceeding be conducted "so far as possible, in the same manner and with like effect" as if the petition for reorganization had been an ordinary involuntary bankruptcy petition and the approval of the petition an adjudication of bankruptcy. It follows that the court in determining the priority of claims against the estate is bound by the provisions of Section 64, sub. a, as amended, 11 U.S.C.A. § 104, sub. a, which specify the classes of debts which are to have priority of payment over general creditors of a bankrupt estate and the order of their payment with respect to each other. Five classes of debts having priority are established. The first class includes "the costs and expenses of administration." Since Congress has set up no order of priority within the first class the court may not fix priorities within the class. Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46; Missouri v. Earhart, 8 Cir., 111 F.2d 992, certiorari denied 61 S.Ct. 43, 85 L.Ed. ——. Consequently all administration expenses, whether incurred during the reorganization period or during the liquidation period and whether for costs and expenses or for services, must share pro rata in the funds available for payment. In re Lambertville Rubber Co., supra. As this court said in the case just cited (page 50 of 111 F.2d) with respect to taxes incurred by trustees in an unsuccessful reorganization proceeding and for which priority was claimed: "These debts of the trustee included the

claim of the appellant, the taxes and all other expenses of administration. All were on a parity before the entry of the order of liquidation and they remained upon a parity after the order of liquidation was filed. All were payable as expenses of administration pursuant to the provisions of Section 64 of the Bankruptcy Act as amended."

The referee and the court below grounded their action in granting priorities within the class of administration expenses upon what they believed to be the equitable powers of a court of bankruptcy. It is well settled, as the Circuit Court of Appeals for the Fourth Circuit pointed out in Westall v. Avery, 171 F. 626, 628, "that bankruptcy proceedings themselves are purely equitable in their character, and, within the limits prescribed by the Bankruptcy Act [11 U.S.C.A. § 1 et seq.] and the special rules of practice prescribed by the Supreme Court, are to be administered in accord with the general principles and practices of equity." See Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. But these equitable powers are to be exercised within the limits laid down by the Bankruptcy Act and subject to its specific provisions. In re Concentrated Products Corp., 3 Cir., 38 F.2d 745. The court may not by granting a priority which it deems equitable set aside the clear congressional mandate that no such priority shall be accorded. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, which was relied on by the referee and court below, is not to the contrary. That case holds that a court of bankruptcy under its equitable powers may disallow or subordinate a particular claim in bankruptcy which, because of the fraudulent nature of the claim or the bad faith or improper conduct of the claimant, ought not in equity and good conscience to be allowed or paid on a parity with other claims. It does not hold that the court may set up a sub-

classification of claims within a class given equal priority by the Bankruptcy Act and fix an order of priority for the sub-classes according to its theory of equity. Moreover even if it did have such power it appears that the priorities granted by the court in the present case were not those which have been uniformly allowed by courts of equity in administering estates in receivership. In such cases it is held that the compensation of receivers and their counsel is to be given priority of payment over taxes, receiver's certificates and other receivership creditors. Wire Wheel Corp. v. Fayette Bank & Trust Co., 7 Cir., 30 F.2d 318, certiorari denied Fayette Bank & Trust Co. v. Herod, 279 U.S. 873, 49 S.Ct. 514, 73 L.Ed. 1008.

Sections 241, 242 and 243 of Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 641, 642, 643, had their source in the former Sec. 77B (c) (9).[1] They confer upon the district judge discretion to allow compensation and reimbursement for costs and expenses, not only to the reorganization trustees and their counsel, but also to the other claimants concerned in these appeals—the counsel for the debtor and for its stockholders and the creditors' committee and their counsel. Furthermore Chapter X authorizes the allowances contemplated by Secs. 241, 242 and 243 to be made even though reorganization fails and liquidation takes place. In re Old Algiers, 2 Cir., 100 F.2d 374. Sec. 246 expressly so provides and the congressional intent is clear from the legislative history of the act as well.[2] Since the Bankruptcy Act now permits creditors, stockholders and their counsel who assist in a reorganization effort to receive allowances even if a reorganization is not effected, the apparent injustice of permitting counsel for the stockholders and the creditors' committee to share pro rata with the trustees and their counsel and the trustees' creditors in a fund which is inadequate to pay them

[1] Under Sec. 77B(c) (9) allowances could not be made for preparation of a plan which was not confirmed (Sartorius v. Bardo, 2 Cir., 95 F.2d 387), or for services in procuring the rejection of a plan (In re Nine North Church St., 2 Cir., 89 F.2d 13) but could only be made for those services which were rendered in connection with the proceeding and the plan and which aided in the rehabilitation of the debtor. In re Forty-One Thirty-Six Wilcox Bldg. Corp., 7 Cir., 100 F.2d 588.

[2] Sen.Rep.1916, 75th Cong. 3d Sess. "Section 242 vests the judge with the power to make allowances to any parties in interest, to security holders' representatives, and to their respective counsel and agents, for services rendered or disbursements incurred in connection with the administration of the estate or with a plan approved by the court. These may be made, in the discretion of the judge, even though the plan may not be confirmed and a liquidation is directed or the proceeding is dismissed."

all in full is not ground for altering the scheme of priority fixed by the statute. We think, however, that in making such allowances in a proceeding where reorganization has failed, the court should fix the amount of the allowances in the light of the fund available for administration expenses and of other claims upon that fund. Where, as here, the fund is found inadequate, the court, in the exercise of its discretionary power, may well reconsider and reduce unpaid allowances previously made to parties in interest and their counsel (even remitting the latter altogether to their clients for their compensation) if it is deemed necessary to do so in order to provide more adequately for the payment of the allowances made to the court's own officers—the trustees—and their counsel and payment of the claims of the trustees' creditors.

The order of the district court is reversed and the record is remanded for further proceedings not inconsistent with this opinion.