**UNITED STATES v. KILLOREN.**

No. 11892.

Circuit Court of Appeals, Eighth Circuit.

April 30, 1941.

Rehearing Denied May 20, 1941.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Louise Foster, Sp. Assts. to the Atty. Gen., Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellant.

Harry S. Gleick, of St. Louis, Mo. (Jones, Hocker, Gladney & Grand and Gleick & Strauss, all of St. Louis, Mo., on the brief), for appellee.

Dupuy G. Warrick, of Kansas City, Mo. (Warrick, Koontz & Hazard and Lester G. Seacat, all of Kansas City, Mo., on the brief), for E. E. Amick, amicus curiae.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

### Statement.

On April 19, 1939, the Hamilton-Brown Shoe Company filed its petition for a corporate reorganization under the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and James J. Vardaman and John W. Lake were appointed cotrustees to effect the reorganization. However, on June 22, 1939, the Hamilton-Brown Shoe Company was adjudicated a bankrupt, and on July 7, 1939, William H. Killoren, being appointed trustee for the purpose of liquidating the estate, took charge of the assets and began the liquidation.

Between April 19, 1939, and July 7, 1939, Lake and Vardaman, while acting as trustees, became indebted to the United States on account of taxes which accrued during that period and which greatly exceed taxes which accrued thereafter while Killoren was acting as trustee.

On February 29, 1940, after a hearing on the trustee's petition from an order respecting distribution and priority of payment, the referee in bankruptcy entered an order providing that the claims against the bankrupt's estate be classified and that distribution be made by the trustee out of funds in his hands as follows:

1. Claims allowed as trust funds in the hands of the trustee, and property held subject to reclamation petitions.

2. Fees and expenses allowed or to be allowed, and costs incurred, in the administration of this estate before the referee in bankruptcy, including referee's fees and costs, fees and expenses allowed or to be allowed to William H. Killoren, trustee, fees and expenses allowed or to be allowed to the attorneys for the trustee, and any other fees, costs of court or administration that may be allowed in the regular bankruptcy proceedings.

3. All claims allowed or to be allowed as preferred as a result of operation of the business of the bankrupt subsequent to the filing of the petition for corporate reorganization in these proceedings, including on a parity all such claims for that period of operation (beginning with the filing of the petition for corporate reorganization up to the time that William H. Killoren as trustee took charge of the assets), including tax, wage, merchandise, and service claims, and including allowances made by the United States District Judge for fees and expenses of the trustees appointed by him, of counsel for the trustees appointed by him, of counsel for the bankrupt, and of counsel for the creditors' committee; it being intended hereby to include in this class all obligations incurred during the corporate reorganization proceedings in this estate and up to the time William H. Killoren as trustee in bankruptcy took charge of the assets.

4. Claims allowed or to be allowed as preferred prior to the reorganization proceedings in this cause, and such claims shall be subject to further classification, distribution to be made as provided by Section 64 of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 104.

5. General claims against the estate.

Petition for review of this order was filed in the District Court for the Eastern District of Missouri by the United States, but the Government's petition was denied and the order of the referee was confirmed. The United States appeals.

### Opinion.

The sole question presented by the appeal is whether or not priority may be allowed to expenses incurred in the administration of the estate by the trustee in bankruptcy over expenses including taxes, incurred during the attempted reorganization before the appointment of the bankruptcy trustee.

The provisions of the Bankruptcy Act which control the priorities to be given in distribution of the proceeds of liquidation in bankruptcy are found in Section 64, sub. a, of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 104, sub. a; and 11 U.S.C.A. § 502 makes the same provisions applicable to the proceedings under Chapter X. Section 64, sub. a, names the debts which are allowed priority and gives the order of payment and it is clear that strict adherence to the provisions requires that the tax claim of the United States here involved be given equal priority with administration expenses incurred by the trustee in bankruptcy. State of Missouri v. Earhart, 8 Cir., 111 F.2d 992; In re Lambertville Rubber Co., 3 Cir., 111 F.2d 45, 49; In re Humeston, 2 Cir., 83 F.2d 187; Hennepin County, Minn. v. M. W. Savage Factories, 8 Cir., 83 F.2d 453; Florida Nat. Bank of Jacksonville v. United States, 5 Cir., 87 F.2d 896; MacGregor v. Johnson-Cowdin-Emmerich, 2 Cir., 39 F.2d 574; Michigan v. Michigan Trust Co., 286 U.S. 334, 344, 52 S.Ct. 512, 76 L.Ed. 1136; Gerdes on Corporate Reorganization, 1936 Ed., vol. 3, § 1159. See In re Oshkosh Foundry Co., D.C., 28 F.Supp. 412; In re Mid American Co., D.C., 31 F.Supp. 601. The refusal to give such parity is sought to be justified on the ground that to do so would, in view of the gross insufficiency of the assets of the estate, unreasonably hinder, obstruct and even prevent the orderly and proper liquidation in bankruptcy, and it is urged that the order appealed from should be supported as within the general equity power of the bankruptcy court.

But in Southern Bell T. & T. Co. v. Caldwell, 8 Cir., 67 F.2d 802, similar contentions were considered by this court and our opinion includes the following: "As this court said in Burton Coal Co. v. Franklin Coal Co. [8 Cir.] 67 F.(2d) 796, decided this term: 'Some question is raised as to the equity jurisdiction of the bankruptcy court. That it is a court of equity in the sense that "its judge and referees, in adjudging the rights of parties entitled to their decision, are governed by the principles and rules of equity jurisprudence," is beyond question. Larson et al. v. First State Bank of Vienna, S.D., et al. [8 Cir.] 21 F.(2d) 936; In re Rochford [8 Cir.] 124 F. 182; In re Ben Boldt, Jr., Floral Co. [10 Cir.] 37 F.(2d) 499. It has not, however, plenary jurisdiction in equity, but is confined, in the application of the rules and principles of equity, to the jurisdiction conferred upon it by the provisions of the Bankruptcy Act, reasonably interpreted. Johnson v. Norris [5 Cir.] 190 F. 459, L.R.A.1915B, 884; In re Kane [7 Cir.] 127 F. 552. The plain mandate of the law cannot be set aside because of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence.'"

We are not persuaded that we should recede from the rule as stated but must apply it to the question here presented. The same question was before the Court of Appeals of the Third Circuit in Re Columbia Ribbon Co., 117 F.2d 999, 1001, and we are in accord with the conclusions stated as follows: "The court in determining the priority of claims against the estate is bound by the provisions of Section 64, sub. a as amended, 11 U.S.C.A. § 104, sub. a, which specify the classes of debts which are to have priority of payment over general creditors of a bankrupt estate and the order of their payment with respect to each other. Five classes of debts having priority are established. The first class includes 'the costs and expenses of administration.' Since Congress has set up no order of priority within the first class the court may not fix priorities within the class. Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46; Missouri v. Earhart, 8 Cir., 111 F.2d 992, certiorari denied, 61 S.Ct. 43, 85 L.Ed. ——. Consequently all administration expenses, whether incurred during the reorganization period or during the liquidation period and whether for costs and expenses or for services, must share pro rata in the funds available for payment. In re Lambertville Rubber Company, supra. As this court said in the case just cited (page 50 of 111 F.2d) with respect to taxes incurred by trustees in an unsuccessful reorganization proceeding and for which priority was claimed: 'These debts of the trustee included the claim of the appellant, the taxes and all other expenses of administration. All were on a parity before the entry of the order of liquidation and they remained upon a parity after the

order of liquidation was filed. All were payable as expenses of administration pursuant to the provisions of Section 64 of the Bankruptcy Act as amended.' "

The order appealed from is reversed with direction to accord to the tax claim of the United States the parity claimed by it.