The Alfredo Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 106928. Promulgated May 19, 1942.

*C. J. McGuire, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

**OPINION.**

KERN: The sole issue is whether respondent correctly disallowed a $160,500 dividends paid credit in the computation of the surtax on petitioner, a personal holding company, for 1938.

The surtax is imposed on personal holding companies by section 401 of the Revenue Act of 1938, which provides for a levy upon the "undistributed Title IA net income of every personal holding com-

pany." Section 406 of the 1938 Act defines the term "Title IA net income" and section 405 of the same act defines "undistributed Title IA net income." Section 405 (a) contains the following provision:

SEC. 405. UNDISTRIBUTED TITLE IA NET INCOME.

For the purposes of this title the term "undistributed Title IA net income" means the Title IA net income (as defined in section 406) minus—

(a) The amount of the dividends paid credit provided in section 27 (a) without the benefit of paragraphs (3) and (4) thereof (computed without its reduction, under section 27 (b) (1), by the amount of the credit provided in section 26 (a), relating to interest on certain obligations of the United States and Government corporations) ; * * *

The provisions of subsections (b) and (c) of section 405 are immaterial to the present discussion, inasmuch as petitioner's contention must stand or fall under the provisions of subsection (a).

Looking, therefore, to section 27 (a) (1) and (a) (2), we find the following definition of "dividends paid credit."

SEC. 27. CORPORATION DIVIDENDS PAID CREDIT.

(a) DEFINITION IN GENERAL.—As used in this title with respect to any taxable year the term "dividends paid credit" means the sum of:

(1) The basic surtax credit for such year, computed as provided in subsection (b) ;

(2) The dividend carry-over to such year, computed as provided in subsection (c).

Respondent has allowed a dividends carry-over credit in the amount of $154.31 and there is no dispute over the provisions of section 27 (a) (2). It is with the provisions of section 27 (a) (1) that we are concerned. To ascertain the meaning of section 27 (a) (1) we are specifically referred to section 27 (b), which defines the term "basic surtax credit" as including, *inter alia*, the sum of the dividends paid during the taxable year. However, section 27 (i) specifically provides:

(i) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, such part shall *not* be included in computing the *basic surtax credit.* [Emphasis ours.]

Consequently, the petitioner can not be allowed the benefits of section 405 (a) if the distributions it made within the taxable year are not taxable dividends in the hands of its four stockholders in the year in which the distribution was made.

Respondent argues that none of the $160,500 received in 1938 by petitioner's four stockholders in 1938 was taxable to them in that year because these same stockholders (with the exception that the estate of Donna C. Jackson was the successor to Donna C. Jackson's interest) had already reported as their individual income and paid the tax in prior years on all petitioner's undistributed income.

Section 220 of the Revenue Act of 1926, under the provisions of which petitioner's stockholders reported petitioner's income as their own, imposed a surtax on accumulated surplus of corporations formed or availed of for the purpose of preventing imposition of surtax upon its shareholders. The section provided that the fact that a taxpayer is a holding or investment company was *prima facie* evidence of such purpose. Petitioner was organized in 1927, when this section was in operation. In order to avoid the corporate surtax, which was then 50 percent of the accumulated profits, petitioner's stockholders took advantage of the provisions of section 220 (e) :

(e) The tax imposed by subdivision (a) of this section shall not apply in respect of any taxable year if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire distributive share, whether distributed or not, of the net income of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. *Any subsequent distribution made by the corporation out of the earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his distributive share, be exempt from tax in the amount of the share so included.* [Emphasis ours.]

The same provisions were set forth with only minor corrections of language in section 104 of the Revenue Acts of 1928 and 1932. Although the provisions were changed in 1934, section 351 of the 1934 Revenue Act was made to apply specifically to personal holding companies such as petitioner, and imposed for the first time a surtax on the undistributed adjusted net incomes of such companies, without regard for explanation for such accumulations, and it embodied the provisions of section 220 (d), *supra*, without material change. In the 1936 Act the surtax rates were changed for the second time, but again the provisions of section 220 (d), *supra*, for escaping the surtax, were embodied without material change in section 351 of that act. In all the revenue acts in effect from the time of petitioner's incorporation to and including the year 1937 there was a specific provision declaring that subsequent distributions of the income already reported in prior years by the stockholders would be nontaxable to those stockholders in the subsequent year of distribution.

Since there were no profits in the taxable year from which distributions could have been made, it follows that all of the $160,500 distributed in 1938 came from the surplus on hand at December 31, 1937, on which amount petitioner's stockholders had in the various prior years paid the tax pursuant to the sections above set forth. By virtue of the provisions affording immunity from subsequent taxation contained in these same sections, the 1938 distributions were nontaxable in the hands of the stockholders. Petitioner has not made a contention that the estate of Donna C. Jackson does not succeed to Donna C. Jackson's immunity because the estate is not the "shareholder who

has so included in his gross income his pro rata share." Petitioner not having raised any issue on this point, we assume that both parties agree that the estate of Donna C. Jackson received the distribution tax free.

Having, therefore, decided that the $160,500 was a nontaxable distribution, section 27 (i) precludes us from allowing the credit set forth in section 405 (a).

Petitioner has argued that the distribution was, in fact, a taxable dividend, and brings to our attention articles 115–1 and 115–2 of Regulations 101. While it is undoubtedly a correct general statement of the law to say that a distribution, "not regarded as out of earnings and profits of the taxable year, shall be considered a taxable dividend to the extent of the earnings or profits accumulated since February 28, 1913, and available on the date of the distribution", any general statutory provision must fall in the face of a specific provision. *Missouri* v. *Ross*, 299 U. S. 72. As we have shown above the revenue acts have specifically provided otherwise on the facts here demonstrated. Petitioner also argues that subsection (i) of section 27, *supra*, does not require that the dividend be taxable in the year of actual distribution in order to be included in computing the basic surtax credit. We believe that the wording of section 27 (i) means that the distribution must be a taxable dividend in the distributees' hands in the year of receipt, in order that it be considered in computing the basic surtax credit.

Petitioner cites *Dorothy Whitney Elmhirst*, 41 B. T. A. 348, in support of the proposition that, because petitioner's stockholders annually reported all of petitioner's current earnings and profits as dividends received, this does not have the effect of diminishing the petitioner's earnings available for future distribution. Petitioner's point, though correct, is immaterial, for we are not concerned with what remained for future distribution, but with whether any distribution from accumulated earnings reported for taxation by the corporation's stockholders in prior years could, in the future, be a *taxable* dividend within the meaning of section 27 (i).

As to the equity of the situation, petitioner can not rightly be heard to say that it did not receive in prior years a benefit akin to a dividends paid credit by being relieved from paying any surtax on its accumulations, because of the fact that its stockholders reported as their own taxable income their proportionate parts of petitioner's undistributed profits in those years. It is true that it never received a "dividends paid credit" as such, but the same result was achieved, since it was able to avoid the surtax pursuant to the provisions of section 220 (e) of the Revenue Act of 1926, section 104 of the Revenue Acts of 1928 and 1932, and section 351 of the Revenue Acts of 1934 and 1936. Having thus been relieved from the payment of any surtax on

the annual accumulations of its income in the years in which it was accumulated, there is no equity in its contention that it should also be allowed a credit as a result of the physical distribution of such accumulated earnings in the taxable year. See *Spokane Dry Goods Co.*, 43 B. T. A. 793; affd., 125 Fed. (2d) 865.

Respondent did not err in denying the dividends paid credit in 1938.

*Decision will be entered for respondent.*