### In re M. K. C. CAFETERIA, Inc.
### No. 39200.

District Court, E. D. New York.

Oct. 5, 1942.

Nathan Weidenbaum, of New York City, for trustee.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York.

William R. L. Cook, of Flushing, N. Y. (Maxleon D. Powell, of Flushing, N. Y., of counsel), for Elizabeth Bach, landlord.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Nathan Borock, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for Collector of Internal Revenue.

BYERS, District Judge.

Motion by trustee to modify Referee's order of distribution, there being insufficient funds to pay in full all administration expenses.

Here there was a Chapter XI, 11 U.S. C.A. § 701 et seq., proceeding which even-

tuated into ordinary bankruptcy, and the trustee and his attorney urge that there should be adopted by the court a priority among those receiving a dividend as to the administration expenses as allowed.

The trustee's argument is that, because in City of New York v. Rassner, 2 Cir., 127 F.2d 703, at page 707, the expression about to be quoted appears, his motion should be granted: "The city agrees that the trustee may receive the value of his services in creating the fund, and we think that a reasonable view."

Standing by itself, the foregoing may lend a tinge of plausibility to the argument, which, however, entirely disappears when the quoted expression is read as part of the actual decision. That case turned upon the trust fund status of tax collections made by the debtor while in possession and functioning as an arm of the court, and the extent to which general assets could be resorted to in order to restore the trust fund for the benefit of the city.

It appeared that the other assets were realized from funds released from the lien of chattel mortgages, whereby the city was enabled to receive what should not have been diverted from the trust fund in the first place. If the city chose to arrange compensation with the trustee for so having promoted its interests, it does not follow that the Referee in this case would have been justified in providing compensation for the trustee and his attorney, at the expense of others entitled to receive administration expenses under Section 64, sub. a(1) of the Act, 11 U.S.C.A. § 104, sub. a(1), although it may be assumed for present purposes, that it was the diligence and skill of this trustee and his attorney that brought anything at all into the present estate.

So far as the attorney is concerned, his compensation was fixed in the usual manner by the Referee, whose report in turn was submitted to this court for appropriate action. Presumably that allowance was predicated upon the reasonable value of his services to the trustee, i.e., the creditors as a whole.

It is unfortunate that but 20% can be paid on account of administration expenses, but that development does not empower the court to fabricate a scale of priorities among administration expense distributees, in the absence of appropriate statutory sanction.

The point was decided in United States v. Killoren, 8 Cir., 119 F.2d 364, certiorari denied 314 U.S. 640, 62 S.Ct. 78, 86 L.Ed. 513.

Motion denied. Settle order.