**No. 52149.**—Paramount Distillers, Inc. *v.* United States, protest 122762–K (Cleveland).

EKWALL, Judge: Plaintiff herein imported at the port of Tampa, Fla., on January 23, 1944, a quantity of what is described on the invoice as Cuban cane spirits, consisting of 90 barrels. This merchandise was shipped in bond to Cleveland, Ohio, where it was entered for warehouse on February 14, 1944. Duty was assessed at the appropriate rate under paragraph 802, Tariff Act of 1930, as amended, and in addition an internal revenue tax was assessed under section 2800, Internal Revenue Code. Plaintiff does not contest the applicability of the provisions of the statutes in question as to 88 of the barrels in question, but claims that no duty should have been assessed on barrels numbered 107 and 134, for the reason, as alleged, that said barrels were destroyed by the collector of customs at the request of the plaintiff and that at the time of such destruction said barrels were empty.

From the official papers as transmitted by the collector, together with the testimony adduced, it appears that duty was assessed on the barrels in question upon the basis of the customs gauge, or the invoiced quantities less 2½ percent, whichever was greater.

The pertinent provisions of the statutes involved in respect to allowance for leakage or damage in the case of distilled spirits, are as follows:

Paragraph 813 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (sec. 32), is as follows:

There shall be no constructive or other allowance for breakage, leakage, or damage on wines. liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

Section 557 (c), as amended by the Customs Administrative Act of 1938 (sec. 22), providing entry and liquidation without payment of duty, in the case of certain bonded merchandise, is as follows:

(c) Merchandise entered under bond, under any provision of law, may, upon payment of all charges other than duty on the merchandise, be destroyed, at the request and at the expense of the consignee, within the bonded period under customs supervision, in lieu of exportation, and upon such destruction the entry of such merchandise shall be liquidated without payment of duty and any duties collected shall be refunded.

From the testimony of plaintiff's witness, Mr. J. K. Cooper, chief liquidator at the port of Cleveland, it appears that the two barrels in question were gauged at Cleveland between March 10 and March 20, 1944, the gauging having been completed on the latter date. At the time of gauging, according to the report of the gauger, said barrels were empty. As above stated, duty was assessed on both barrels on the basis of the invoiced quantity less normal outage of 2½ percent. The two barrels were destroyed by the collector on June 28, 1944,

at plaintiff's prior request, pursuant to the provisions of section 557 (c) *supra*. No rebottling or manipulation of the barrels took place during the time they were in warehouse nor was any application made to withdraw samples therefrom.

This witness further testified that when the merchandise was imported at the port of Tampa both barrels were intact and in good order, and according to the report of the discharging inspector on the manifest, the goods were received in Cleveland as manifested. No affidavit was filed by the plaintiff as required by paragraph 813, *supra*. Said barrels were destroyed on June 28, 1944, at which time no liquor was in either of the barrels. In making assessment upon the contents of these two barrels, the witness testified that he acted in accordance with the provisions of section 15.9 of the Customs Regulations of 1943.

An examination of the official papers discloses that the inspector reported that when the merchandise was received in warehouse these two barrels had loose staves and headpieces and were empty.

From the evidence it is clear that at the time of importation at the port of Tampa the two barrels involved were in good order; that between that time and the time they were deposited in warehouse, said barrels were injured in transit and their entire contents lost. The total loss of the contents of both barrels is clearly indicated from the inspector's report and the customs gauge. Plaintiff, under the circumstances of this case, could have obtained adequate relief by filing the affidavit required by paragraph 813, *supra*, within 15 days after the completion of the gauge. Under the authorities, failure so to do bars plaintiff from the relief sought. See *United States v. Somerset Importers, Ltd.*, 33 C. C. P. A. (Customs) 138, C. A. D. 328; *United States v. Siegfried Lowenthal Co.*, 31 C. C. P. A. (Customs) 19, C. A. D. 244; *Geo. Wm. Rueff, Inc. v. United States*, 13 Cust. Ct. 165, C. D. 888.

Insofar as the issue at bar is concerned, the holding in the *Somerset* case, *supra*, leaves no doubt that paragraph 813, *supra*, takes precedence over section 557 (c), *supra*. We quote from that decision as follows:

In deciding this question, it is important to consider the fact that Congress here was seeking to single out alcoholic liquors, which came in casks or packages, from the great array of merchandise being imported into this country, and to authorize the allowance for losses of a certain character which were shown by the gauger's return at the port of delivery. Obviously, the specific provision, paragraph 813, applying to liquor, should prevail in its application to the instant merchandise (if applicable at all) over any general provision such as section 1563 (assuming it also is applicable). In fact, if both provisions applied to the instant facts, under our view of the case it would only be necessary to determine whether paragraph 813 applied, since it is a well-settled principle of law that specific provisions prevail over general ones. *Missouri v. Ross*, 299 U. S. 72. * * *

From the record it is apparent that plaintiff's claim cannot be sustained. Judgment will therefore be rendered for the defendant.