**DELL PUBLISHING CO., Inc., Plaintiff,**

v.

**Arthur J. SUMMERFIELD, Postmaster General, Defendant.**

**Civ. A. No. 2502-60.**

United States District Court
District of Columbia.

Oct. 28, 1961.

William I. Denning, Washington, D. C., for plaintiff.

Sylvia A. Bacon, Asst. U. S. Atty., for defendant.

HOLTZOFF, District Judge.

■ This is an action for a declaratory judgment and an injunction against the Postmaster General to set aside his order revoking second-class mail privileges of certain publications issued by the plaintiff. The matter is now before the Court on cross motions for summary judgment. Necessarily, both sides, by making such motions, concede that there is no material question of fact but that the matter should be determined as a question of law.

■ Section 224 of Title 39 of the United States Code * provides that mailable matter of the second-class shall embrace all newspapers and other periodical publications which are issued at stated intervals and as frequently as four times a year and are within the conditions named in Sections 225 and 226 of this Title.** The term "periodical" is not defined in the statute. It is a matter of common knowledge that mailable matter of the second-class is charged a much smaller amount for its carriage through the mails than is mailable matter of other classes.

The publications involved in this case are paper bound pamphlets containing crossword puzzles with blanks for their solutions. These pamphlets are issued bi-monthly. The Postmaster General held that they are not periodicals within the meaning of the statute, and it is contended by the plaintiff that his ruling to that effect is arbitrary and capricious.

■ The question to be determined by this Court is a narrow one, namely, whether the ruling of the Postmaster General that these pamphlets are not periodicals within the meaning of the statute is arbitrary or capricious in the legal sense. The words "arbitrary and

capricious" are not used in their opprobrious or popular meaning but in the technical sense as having no rational basis.

■ The Supreme Court has defined the term "periodical" in connection with this statute. In Houghton v. Payne, 194 U.S. 88, 97, 24 S.Ct. 590, 592, 48 L.Ed. 888, it was stated:

"A periodical, as ordinarily understood, is a publication appearing at stated intervals, each number of which contains a variety of original articles by different authors, devoted either to general literature or some special branch of learning or to a special class of subjects."

In that case it was held that a series of pamphlets issued at periodic intervals by well-known publishers, each containing an independent and separate literary work, the entire series known as Riverside Literature series, were not periodicals within the meaning of the statute and that the Postmaster General was justified in declining to extend second-class privileges to those publications.

In Smith v. Hitchcock, 226 U.S. 53, 59, 33 S.Ct. 6, 8, 57 L.Ed. 119, Mr. Justice Holmes stated:

"The noun 'periodical', according to the nice shade of meaning given to it by popular speech, conveys at least a suggestion, if not a promise, of matter on a variety of topics, and certainly implies that no single number is contemplated as forming a book by itself."

In that case the Postmaster General had revoked second-class privileges for publications which were issued weekly, each containing a single story complete in itself, with the same character being carried through the series. Among these series was one named Tip Top Weekly and similar publications. The Supreme Court upheld the ruling of the Postmaster General to the effect that, since each number contained a single completed

* 1960 Revision, see 39 U.S.C.A. § 4351.

** 1960 Revision, see 39 U.S.C.A. §§ 4058, 4365, 4354.

story, it could not be deemed to be a periodical in the true sense of the word merely because the pamphlets were issued at stated intervals.

The plaintiff relies on the case of Hannegan v. Esquire, Inc., 327 U.S. 146, 66 S.Ct. 456, 90 L.Ed. 586. This Court is of the opinion, however, that the Hannegan case is distinguishable. It did not involve any question as to whether the publication with which the Court was concerned was or was not a periodical. It was admitted that the publication was a periodical. The second-class mailing privileges were withdrawn from the publication, however, on the ground that the periodical bordered on the obscene. The Supreme Court held that this was not a basis for withdrawal of second-class mailing privileges. At page 158, of 327 U.S., at page 462 of 66 S.Ct., Mr. Justice Douglas stated:

"  *   *   *   to withdraw the second-class rate from this publication today because its contents seemed to one official not good for the public would sanction withdrawal of the second-class rate tomorrow from another periodical whose social or economic views seemed harmful to another official. The validity of the obscenity laws is recognition that the mails may not be used to satisfy all tastes, no matter how perverted. But Congress has left the Postmaster General with no power to prescribe standards for the literature or the art which a mailable periodical disseminates."

There is no contention in this case that the contents of the publications are undesirable. It was merely held that the contents are such as not to constitute the pamphlets in which they are contained a periodical within the meaning of the statute.

The Court is unable to find that the action of the Postmaster General is lacking in a rational basis and, therefore, concludes that it was not arbitrary or capricious but that the Postmaster General acted within the bounds of proper discretion in determining the question whether the publication was a periodical. That determination must be made by the Postmaster General. The Court may not substitute its own judgment for that of the Postmaster General, and if the Postmaster General acts within the legal definitions laid down by the Supreme Court and within the bounds of reason, his action may not be set aside.

Accordingly, the plaintiff's motion for summary judgment will be denied and the defendant's motion granted.