**NATIONAL BUS TRAFFIC ASSOCIATION, Inc., and National Association of Motor Bus Owners, Plaintiffs,**

v.

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Airport Transport, Inc., Airline Transport, Inc., Airline Limousine, Inc., and Air Transport Association of America, Intervening Defendants.**

**No. 65 C 245.**

United States District Court
N. D. Illinois, E. D.
Dec. 10, 1965.

---

9. See p. 867, supra.

Raymond H. Warns, Joseph P. Tuohy and Robert J. Bernard, Chicago, Ill., for plaintiffs, Robert J. Corber, Steptoe & Johnson, Drew L. Carraway, John S. Fessenden, of Rice, Carpenter & Carraway, Washington, D. C., of counsel.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Donald F. Turner, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Leonard Goodman, Asst. Gen. Counsel, Washington, D. C., for defendant Interstate Commerce Commission.

Robert L. Stern, of Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for intervenor, Air Transport Assn. of America, John E. Stephen, Russell S. Bernhard, of Macleay, Lynch, Channing & Bernhard, Washington, D. C., of counsel.

Daniel J. Sweeney of Belnap, Spencer, Hardy & Freeman, Chicago, Ill., for intervening defendants Airport Transport, Inc., Airline Transport, Inc., Airline Limousine, Inc., L. C. Major, Jr., and D. W. Markham, of Turney, Major, Markham & Sherfy, Washington, D. C., of counsel.

Before HASTINGS, Circuit Judge, and HOFFMAN and ROBSON, District Judges:

ROBSON, District Judge:

Plaintiffs challenge the validity of the Interstate Commerce Commission's in-

terpretation of the Interstate Commerce Act's proviso, 49 U.S.C. § 303(b) (7a), excepting from its coverage "the transportation of persons or property by motor vehicle when incidental to transportation by aircraft." The Commission in two rulings, MC–C–3437 on May 4, 1964, and MC–C–4000 on July 17, 1964, held that transportation of persons and property by motor vehicle as a result of an emergency, was "incidental" to transportation by aircraft, and not "substituted" service as plaintiffs maintain. The court concludes that the Commission's construction of the proviso is correct and the relief prayed for in the complaint must therefore be denied.

The two plaintiffs are associations; the one, National Bus Traffic Association, Inc., is composed of some 400 carriers of passengers, and the other, National Association of Motor Bus Owners, represents approximately 1,000 bus carriers. Suit is predicated on the statutes providing for review of the Commission's decisions, and three-judge court jurisdiction (28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325, inclusive). The decisions reviewed are reported at 95 M.C.C. 71 and 95 M.C.C. 526.[1] The Commission's regulations here challenged in part were the result of notices of proposed rule-making proceedings (49 C.F.R. 210.40(b) and 49 C.F.R. 210.45(b)).

Defendants are the United States of America and the Interstate Commerce Commission.

Four parties, Airport Transport, Inc., Airline Transport, Inc., Airline Limousine, Inc., and Air Transport Association of America, who participated in the proceedings before the Commission, were granted leave to intervene in this suit. Their motions stated that they provide specialized transportation for airline passengers and baggage from the airports serving Washington, D. C., and Baltimore, Maryland, areas, including transportation in emergency situations.

Plaintiffs maintain that "*incidental* transportation" as stated in the statutory proviso means *local* pickup, delivery or transfer service prior to or subsequent to movement by aircraft and not *intercity* line-haul service (Sky Freight Delivery Service, Inc., Com.Cr.Application, 47 M.C.C. 229; Kenny Extension-Air Freight, 61 M.C.C. 587; Peoples Exp. Co., Extension of Operation-Air Freight, 48 M.C.C. 393). They contend that where the transportation extends from one airport to the territory normally served by another, it is a *substituted* motor-for-air line-haul transportation rather than incidental to air transportation and its treatment as incidental transportation is without rational basis and is prohibitory and capricious (Eastern Central Motor Carriers Association v. United States of America, 239 F.Supp. 591 (D.C.1965), and Dell Publishing Co. v. Summerfield, D.C., 198 F.Supp. 843, aff'd 113 U.S.App.D.C. 1, 303 F.2d 766). Lacking such rational basis the decisions should be set aside (Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207; Securities and Exchange Commission v. Chenery Corporation, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

Plaintiffs further assert that the fact the substitution is on an irregular or sporadic basis and is paid for by the air carrier does not change the basic nature of the service from that of line-haul; nor does need of such service justify that conclusion.

Plaintiffs claim that either the air carrier must have authority to engage in line-haul transportation by motor vehicle in its own right or the motor carriers utilized to perform such services must be appropriately authorized to act as such carriers in their individual capacities.

---

1. The lawfulness of the regulation, 49 C.F.R. 210.40, in another respect was sustained in Air Dispatch, Inc. v. United States of America, and Interstate Commerce Commsision, 237 F.Supp. 450 (D.C. 1964), affirmed 381 U.S. 412, 85 S.Ct. 1576, 14 L.Ed.2d 693, and Wycoff Company, Inc. v. United States and Interstate Commerce Commission, 240 F.Supp. 304 (D.Utah 1965).

Interveners present the issue as one of reasonableness of the Commission's interpretation of the proviso in respect to what transportation is "incidental" to transportation by air, and state that an administrative agency's determination is entitled to great weight and not to be upset unless clearly erroneous (United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345).

It is pointed out by interveners that the section under consideration has been amended eight times since the 1948 Graff decision (Theodore Edward Graff Common Carrier Application, 48 M.C.C. 310) and the subsection containing the exemption has been amended three times, from which fact may be deduced congressional approval of the Commission's construction (State of Missouri v. Ross, Trustee, et al., 299 U.S. 72, 75, 57 S.Ct. 60, 81 L. Ed. 46).

Interveners contend that the judgment and expertise of an administrative determination is entitled to respect and should not be set aside except for weighty reasons (Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917).

■ The court is of the opinion that the Commission's differentiation of emergency situations is not arbitrary or capricious, but on the contrary is amply warranted. The inter-city trip, which is not generally "incidental" to the air transportation, is inescapable when an emergency occurs and the usual local landing is not possible. The airline absorbs the cost of the longer journey and does not further discommode the passenger or shipper.

■ The arguments advanced by defendants and interveners, outlined above, are soundly premised. Thus, the fact of re-enactment of the statute without change after the interpretation here challenged is legally significant. The Supreme Court in Commissioner of Internal Revenue v. Estate of Noel, et al., 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d

159 (1965), again approved the principle. It said, at 682, 85 S.Ct. at 1240:

"* * * We have held in many cases that such a long-standing administrative interpretation, applying to a substantially re-enacted statute, is deemed to have received congressional approval and has the effect of law."

■ While construction of the word "incidental" in the statute might not call for "expertise" wisdom, nevertheless the Interstate Commerce Commission is probably far more aware than a court of the overall considerations applicable to classify a particular trip accurately. It was recently stated that "Courts should be 'slow to overturn an administrative decision, * * *'" although they are not to "rubber-stamp" such determinations (National Labor Relations Board v. Brown, 380 U.S. 278, 291, 85 S.Ct. 980, 988, 13 L.Ed.2d 839 (1965)). The same guide, stated a little differently, is set forth in Federal Communications Commission v. Schreiber, 381 U.S. 279, at 290, 85 S.Ct. 1459, at 1468, 14 L.Ed.2d 383 (1965), where the Supreme Court said:

"* * * [I]n providing for judicial review of administrative procedural rule-making, Congress has not empowered district courts to substitute their judgment for that of the agency. Instead, it has limited judicial responsibility to insuring consistency with governing statutes and the demands of the Constitution."

In 1948, the Interstate Commerce Commission, dealt with the precise issue in the Theodore Edward Graff Common Carrier Application, 48 M.C.C. 310, and concluded that service growing out of an emergency was within the exception of the proviso. Its reasons there stated, at 315–316, are as pertinent today as in 1948:

"Clearly the operations here involved are interterminal and intercity line-haul operations but they are unusual and different from ordinary connecting-carrier line-haul operations in certain respects. Connect-

ing-carrier line-haul motor operations are complementary to air-transportation services with which they connect and are conducted regularly as a part of through inter-line service. In contrast the operations here involved, though line-haul, are sporadic and irregular in point of time and emergency in character. They are furnished at the airline's expense and serve as a substitute for impossible or impracticable air transportation and not as a complement to regular air service. They are clearly subordinate to the regular air service; a necessary result or adjunct of it, without which, or its equivalent in some form, maintenance of regular air service would be more hazardous if not wholly impracticable on many occasions. Applying the tests approved * * * they cannot, even though intertermi-nal and line-haul in character, well be found to be other than 'incidental to transportation by aircraft' within the meaning of section 203(b) (7a) * * *. [W]e think an exception must be recognized in the case of emergency operations of the type here considered."

 As the court views the word "incidental" it means a minor adjunct to the prime matter, of lesser significance, but related and necessary to the complete effectuation of the matter in chief. Surely the final phase of the journey on land from the airport where the plane descends to the city where the air trip ends is incidental to the transportation by air. It is immaterial whether it is the usual short trip or the longer trip necessitated by emergency. The journey on land is not of such overall significance that it must be deemed without the word "incidental" to the air trip. It is not the equivalent of "hang[ing] one of the main gears on the tail pipe" as the Supreme Court described provisions which it determined were basic and not "incidental" in Brannan v. Stark, 342

U.S. 451, 463, 72 S.Ct. 433, 96 L.Ed. 497 (1952).

There is no doubt in the court's mind that an emergency situation justifies specialized treatment.

The orders of the Interstate Commerce Commission are in all respects affirmed.