OLYPHANT *v.* ST. LOUIS ORE & STEEL Co. and others.[1]

(*Circuit Court, E. D. Missouri.* November 8, 1884.)

1. MORTGAGOR AND MORTGAGEE—PAYMENT OF EXPENSES PRIOR TO APPOINTMENT OF RECEIVER.

A court has power, in a suit for the foreclosure of a mortgage upon the property of a corporation, to order its receiver to pay employes of the company in full for services rendered within six months before his appointment.

2. SAME—COSTS OF LITIGATION.

It is not the duty of a receiver appointed in a foreclosure suit to repay costs incurred by the plaintiff in the litigation, while such litigation remains pending.

In Equity. Foreclosure suit. Exceptions to master's report concerning certain claims allowed by the receiver of the St. Louis Ore & Steel Co.

The third exception referred to in the opinion of the court relates to the following item: "August 1, 1884. Paid voucher, *ac.* O. L. Garrison, secretary, $250,"—which represented salary due Mr. Garrison, formerly secretary of said company and now secretary of its receiver. It is objected to because it includes services rendered to the company for a short period of time immediately preceding the appointment of the receiver. The claim was allowed pursuant to the order appointing a provisional receiver, dated July 21, 1884, providing "that the receiver may proceed to pay all just claims and accounts for labor, supplies, professional services, salaries of officers, and employes * * * for said steel and ore company that have been earned or have matured within six months before the making of this order." The other exceptions relate to the deposit of $250 with the

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

clerk of the court to defray costs incidental to this proceeding, and to another deposit of $50 with the clerk of United States circuit court for the Southern district of Illinois.

*Noble & Orrick,* for intervening bondholders.

*Hitchcock, Madill & Finkelnburg,* for receiver.

TREAT, J. The third exception to the master's report, pertaining to the allowance of O. L. Garrison, is overruled. As to the other two exceptions, the case is not yet in condition for the decision thereof. This suit was instituted by the plaintiff, and necessarily at his cost. He chooses to ask for the appointment of a receiver, whose duty it is to preserve the property pending the litigation, and not to pay plaintiff's expenses connected therewith. It may be that the plaintiff's demand, from the beginning, has been wrongful; and if so, whatever, at his instance, has been done, must be at his expense. In the intermediate time, his costs and expenses connected with the litigation are not to be paid by the receiver; for *non constat* that his demand is rightful. Hence the question presented by the last two exceptions are sustained, with leave hereafter to present the same as the final determination of equities may require.