## In re RICHARDS.

### No. 10266.

District Court, M. D. Pennsylvania.

March 18, 1942.

Philip V. Mattes and J. Julius Levy, both of Scranton, Pa., for petitioner, Socony Vacuum Oil Co., Inc.

Mott Peck, of Scranton, Pa., and Richard M. Glassner, of Newark, N. J., for debtor.

James K. Peck, of Scranton, Pa., for receiver.

WATSON, District Judge.

This matter is before the court for review of an order of the referee denying priority to the claim of the Socony-Vacuum Oil Company, Inc., in the above proceeding.

The facts are well stated by the referee and are as follows:

"For more than six months preceding the filing of the Debtor's Petition for an Arrangement, he was engaged in the business of transporting motor freight for hire in intrastate and interstate commerce as a common carrier. His business is carried on under the authority of Certificates of Public Convenience issued by the Interstate Commerce Commission and by the Pennsylvania Public Utility Commission.

"Before the confirmation of the arrangement, the Socony-Vacuum Oil Co. Inc., filed its Proof of Claim in the sum of $8,299.65 as a priority claim. The amount of the claim is not disputed. It is admitted that the claim arose out of the purchase by the Debtor from the claimant, of fuel and lubricants on the dates set forth in the invoices attached to the claimant's proof of claim, all of which were within six months immediately preceding the filing of the Debtor's Petition for an Arrangement. The fuel and lubricants were used in the operation of the Debtor's business."

The claimant bases its argument for priority upon the rule applied by the Supreme Court in railroad receiverships which gives priority to claims for certain operating expenses incurred within six months of the receivership.

The learned referee concluded that priorities under Chapter XI, 11 U.S.C.A. § 701 et seq., are those established by Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and that Section 64, sub. a(5) is the portion of Section 64 which is here applicable. Neither party disputes this conclusion.

Subdivision (5) provides that "Debts owing to any person, including the United States, who by the laws of the United States [is] entitled to priority, * * *" are entitled to priority in bankruptcy proceedings.

Assuming that Section 64 of the Bankruptcy Act is the proper section for determining priorities under Chapter XI, the following questions are here presented: Is the so-called "Six Months Rule" of railroad receiverships applicable to common carriers by motor vehicles; and, Is the "Six Months Rule" a law of the United States within the meaning of subdivision (5) of Section 64?

The learned referee based his decision upon an affirmative answer to the second of the above questions. The referee held that the "Six Months Rule" was an expression of the general law of the United States and that, since the decision of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the "Six Months Rule" can be sustained now only on the ground that it is a law of the appropriate State. Therefore, the "Six Months Rule" is no longer a law of the United States but is only an application of a state law in a Federal Court.

■■ I find it unnecessary to pass upon this question because I believe that the "Six Months Rule" is not applicable to common carriers by motor vehicle. · This rule is regarded as having first found expression in the case of Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339, a railroad receivership. Since that decision there have been a number of Supreme Court cases which recognized the rule and applied it with various limitations upon its original scope in railroad receiverships and railroad reorganizations. However, ·in the case of Wood v. Guarantee Trust and Safe Deposit Company, 128 U.S. 416, 9 S.Ct. 131, 32 L.Ed. 472, the Supreme Court in considering a proposed application of the rule in a case involving the City of Joliet Water Works Company, stated at page 421 of 128 U.S., at page 132 of 9 S.Ct., "Thirdly. The doctrine of Fosdick v. Schall has never yet been applied in any case, except that of a railroad. The case lays great emphasis on the consideration that a railroad is a peculiar property, of a public nature, and discharging a great public work. There is a broad distinction between such a case and that of a purely private concern. We do not undertake to decide· the question here, but only point it out." The Supreme Court has, never answered the question thus presented in the Wood case. In the lower federal courts, the doctrine has been applied in receiverships of street railways, and similar public utilities having the power of eminent domain. Illinois Trust & Savings Bank v. Doud, 8 Cir., 105 F. 123, 52 L.R.A. 481; Pennsylvania Steel Company v. New York City Railway Company, 2 Cir., 216 F. 458; Gay v. Hudson River Electric Power Co., C.C., 182 F. 904. However, no case has been cited or found in which the doctrine has been applied to a company merely because it was affected with a public interest.

The claimant has offered no other reason for the application of the "Six Months Rule" to the debtor other than it is affected with a public interest within the rule of Munn v. Illinois, 94 U.S. 113, 24 L.Ed. 77. This reason is of little effect when it is noted that the Supreme Court expressed doubt that the rule could be extended to a water company in Wood v. Guarantee Trust and Safe Deposit Company, supra, which, like a railroad, is monopolistic in its nature and has the right of eminent domain.

One of the chief differences between the operation of this debtor and a railroad is that, from a practical standpoint, it is virtually impossible to supply the same services which a railroad gives without using the property of the railroad acquired through eminent domain and improved at great expense. Hence, the public has a great interest in the continued operation of the facilities of the railroad which does not exist in an operation such as this debtor's, which can be duplicated without the acquisition of property by eminent domain and without the investment of large sums

of money and which is in fact duplicated by competitors at the present time.

It is, therefore, my conclusion that the "Six Months Rule" has no application to a common carrier by motor vehicle.

Now, the order of the referee is affirmed.