## WHEELING ELECTRIC CO. v. MEAD.
### No. 5947.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1949.

Decided Nov. 14, 1949.

G. Alan Garden and John B. Garden, Wheeling, W. Va. (Lester C. Hess, James P. Clowes, and Handlan, Garden, Matthews & Hess, Wheeling, W. Va., on brief), for appellant.

Carl G. Bachmann, Wheeling, W. Va., for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

Wheeling Electric Company appeals from an order of the District Court denying priority of payment to its claim of $2981.30 for electric energy against the Warner Coal Corporation, in bankruptcy. The debt was incurred between June 15, 1943, when the corporation was obliged to close its mines for lack of funds, and October 9, 1943, when the petition in bankruptcy was filed against it and a receiver to operate its mines was appointed. The amount claimed is the balance due for current furnished during the interval which enabled a maintenance crew to keep the mine in workable condition so that the receiver was able to resume operations shortly after his appointment. The claimant shows that if the electric power which it supplied had not been

furnished the mines could not have been properly maintained, and the bankrupt estate would have been subjected to great expense and delay in the resumption of operations wherein the receiver earned large profits during the war and accumulated a substantial fund for distribution to the creditors. Hence the claimant contends that it is equitably entitled to have its claim paid in full, like the costs of preserving a bankrupt estate subsequent to the filing of a petition in bankruptcy, and like the costs of supplies and services furnished to an insolvent railroad under the six month rule in an equity receivership. The question, however, is settled by the provisions of Section 64, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. b, which provides that debts to have priority shall include "(1) the actual and necessary cost of preserving the estate subsequent to filing the petition." Since the debt in question was incurred prior to the filing of the petition, it is obviously not entitled to priority and the claimant may be recognized only as a common creditor. The provisions of Section 64, sub. b(5) were similarly applied by this court in Kavanas v. Mead, 4 Cir., 171 F.2d 195, where it was held that wages due workmen in the bankrupt's mines were not entitled to priority unless, as provided in the statute, they had been earned "within three months before date of the commencement of the proceeding."

Affirmed.