Frank J. DE SANTO, Trustee of Edward
J. Slavinski and Joseph J. Noto,
Bankrupts, Plaintiff,

v.

NOTO LUMBER COMPANY, Defendant.

Civ. A. No. 4986.

United States District Court
M. D. Pennsylvania.

Sept. 9, 1957.

Sheldon Rosenberg (of Nogi, O'Malley & Harris), Scranton, Pa., for plaintiff.

S. John Cottone (of Gazda & Cottone), Scranton, Pa., for defendant.

WATSON, District Judge.

Plaintiff brought this action to have set aside a transfer to the defendant of certain assets of the bankrupts on the ground that the transfer constituted a preference as defined in the Bankruptcy Act. Pursuant to an agreement of counsel, the case was submitted on briefs. Counsel agreed to the existence of certain facts. No testimony was taken.

Findings of Fact

1. On April 30, 1954, a voluntary petition in bankruptcy was filed on behalf of Joseph J. Noto to Bankruptcy No. 10928.

2. On May 4, 1954, a voluntary petition in bankruptcy was filed on behalf of Edward J. Slavinski to Bankruptcy No. 10929.

3. On January 11, 1954, a chattel mortgage was given by Joseph J. Noto and Edward J. Slavinski, trading as Fashion Builders, to Noto Lumber Company, and recorded in the Office of the Prothonotary of Lackawanna County in Chattel Mortgage Book No. 11, at page 353.

4. Said chattel mortgage covered various items of personal property of the bankrupts, situate at Rear 519 O'Hara Street, Scranton, Pennsylvania.

5. On November 10, 1952, Noto Lumber Company sold certain building materials of the value of $2,100 to the bankrupts.

6. The bankrupts were unable to pay cash for the materials at the time of the sale and they executed and delivered to

the Noto Lumber Company a series of 30 day promissory notes which were to be presented for payment to the South Side Bank and Trust Company, Scranton, Pennsylvania, on the due dates indicated until the total cost of the building materials was recovered by the Noto Lumber Company.

7. Bankrupts defaulted on payment of several of the notes and, after several such defaults, Noto Lumber Company demanded additional security.

8. Pursuant to the demand of Noto Lumber Company for additional security, the chattel mortgage above-mentioned was executed and recorded.

9. There is no evidence or stipulated fact from which this Court might find that the Noto Lumber Company knew or had reasonable cause to believe that Edward J. Slavinski and Joseph J. Noto were, or that either of them was, insolvent at the time the transfer was made to the Noto Lumber Company.

10. The defendant, Noto Lumber Company, neither knew, nor had reasonable cause to believe, that Edward J. Slavinski and Joseph J. Noto were, or that either of them was, insolvent at the time of the transfer to the Noto Lumber Company.

### Discussion

The Court is required to decide in this case whether or not a chattel mortgage given by the bankrupts to the defendant constitutes a preferential transfer as defined by the Bankruptcy Act. The chattel mortgage, which covered certain machinery and tools owned by the bankrupts, was executed and delivered to defendant on January 11, 1954. On April 30, 1954, Joseph J. Noto filed a voluntary petition in bankruptcy and on May 4, 1954, Edward J. Slavinski filed a similar petition.

Under certain conditions, a trustee in bankruptcy may have a transaction, of the type with which we are here concerned, set aside on the ground that it constitutes a preferential transfer.

Title 11 U.S.C.A. § 96, sub. a(1) provides in part:

"A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. * * * "

Subsection b of the same section provides in part:

"Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable . cause to believe that the debtor is insolvent."

The purpose of this section of the Bankruptcy Act is to protect creditors from secret preferential liens and to secure equality of distribution of the assets of a bankrupt among creditors of the same class. In re Seim Const. Co., D.C.Md.1941, 37 F.Supp. 855.

In order to establish the existence of a voidable preferential transfer the plaintiff must show (1) a transfer of property or money to the creditor by the debtor; (2) while the bankrupt was insolvent and within four months of bankruptcy; (3) that the creditor had reasonable grounds for believing the bankrupt insolvent at the time of the transfer; and (4) that the effect of the transfer was to give to the creditor a greater percentage of his debt than other creditors of the same class.

In this case the stipulated facts clearly show that there was a transfer of property from bankrupts to creditor within four months of bankruptcy and that the transfer did, or would, enable the creditor to obtain a greater percentage of his debt than other creditors of the same class. The question remaining is

whether or not the creditor knew or had reasonable cause to believe that the debtor was insolvent at the time the mortgage was executed and delivered.

Counsel agreed that the case be submitted to the Court for determination without evidence or testimony and the Court can find only those facts which are apparent from an examination of the stipulation.

The burden of proof rests squarely upon the plaintiff and it is necessary that he present facts upon which the Court may base its conclusions of law.

The Court finds nothing in the stipulation which would indicate that defendant had knowledge of bankrupts' insolvency. It is clear that defendant was, or should have been, aware of bankrupts' financial difficulties at the time of their default on the promissory notes, but such knowledge, of itself, is not sufficient to enable the Court to find as a fact that defendant knew or had reasonable cause to believe that the bankrupts were insolvent at that time. Accordingly, the Court must find in favor of the defendant and against the plaintiff.

#### Conclusions of Law

1. The burden was upon the plaintiff to show that the defendant, Noto Lumber Company, had reasonable cause to believe that the debtors were insolvent at the time that the transfer involved in this case was made.

2. The transfer of certain assets of bankrupts to defendant under a chattel mortgage dated January 11, 1954, did not constitute a voidable preferential transfer as defined in Title 11 U.S.C.A. § 96.

3. Judgment should be entered in favor of the defendant, Noto Lumber Company, and against the plaintiff, Frank J. DeSanto.