In the Matter of the **PUSEY AND JONES CORPORATION, Bankrupt.**

**Deemer Steel Casting Company, a Delaware Corporation, Appellant.**

No. 13617.

United States Court of Appeals Third Circuit.

Argued Oct. 6, 1961.

Decided Oct. 24, 1961.

Edward W. Cooch, Jr., Wilmington, Del. (Cooch & Taylor, Wilmington, Del., on the brief), for appellant.

Howard L. Williams, Wilmington, Del. (Morris, James, Hitchens & Williams, Wilmington, Del., John Biggs III, Bader & Biggs, Wilmington, Del., on the brief), for bankrupt-appellee.

Before GOODRICH, STALEY and SMITH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from the judgment of the District Court for the District of Delaware in a bankruptcy matter. The bankrupt admittedly owes a sum of money to the Deemer Steel Casting Company, appellant, for supplies furnished the bankrupt during a period of six months before the institution of proceedings under Chapter XI. These supplies were incorporated into machinery and equipment manufactured by the bankrupt and were necessary to the continued operation of its business. There is no dispute as to the value of the merchandise so furnished.

No plan of reorganization was ever submitted under the Chapter XI proceedings and, on January 27, 1960, the Pusey and Jones Corporation was adjudicated a bankrupt. Appellant contends that its claim is entitled to outrank those of both secured and general creditors and to be classed as an expense of administration.

The claim of Deemer is based on what is sometimes called the "six months' rule." This rule, first applied by the Supreme Court in a railroad reorganization case, allowed preferred treatment for creditors who, during the six months before reorganization proceedings, had supplied the railroad with merchandise essential to its operation. Fosdick v. Schall, 1878, 99 U.S. 235, 25 L.Ed. 339.[1]

---

[1.] Other cases in which the Supreme Court has applied the same rule include Southern Ry. Co. v. Carnegie Steel Co., 1900, 176 U.S. 257, 20 S.Ct. 347, 44 L.Ed. 458; Virginia & Alabama Coal Co. v. Central R. R. & Banking Co., 1898, 170 U.S. 355,

██ Two things are to be noted in this connection. The first is that the creditors to whose advantage this rule operated were supplying a public service corporation. Second, reorganization in railroad cases carries with it, as an end in view, the continued operation of the public service facilities. The rule, however, is a piece of judge-made law and is not based upon any provision of the bankruptcy or reorganization statutes. The question in this case is whether this rule which started as one having to do with a railroad is to be applied to a private business. The district court said no [2] in a thoroughly considered opinion and in spite of references to Remington and Collier, both of which do not limit the rule to public service reorganization cases. 6 Collier, Bankruptcy § 9.13, at 2852–55 (14th ed. 1947); 11 Remington, Bankruptcy § 4535 (rev. ed. 1961). See 1961, 192 F.Supp. 233.

The appellants rely heavily upon the Second Circuit case of Dudley v. Mealey, 1945, 147 F.2d 268. This case involved the reorganization of a hotel, which perhaps could be called a company affected with the public interest; innkeepers were certainly so regarded at common law. Also, the case came up on objection to a reorganization plan and what the court held was that it was not fatal to the plan to put the creditors who had supplied essential goods and services to the hotel in the preferred position asked for by appellants here. It must be said, however, that the language of the court's opinion goes a long way to support Deemer's claim. 147 F.2d at page 271. See, however, In re Warner Coal Corp., D.C.N.D.W.Va., 83 F.Supp. 961, affirmed sub nom. Wheeling Elec. Co. v. Mead, 4 Cir., 1949, 177 F.2d 718.

If Deemer's claim is to be upheld for this highly desirable position, any creditor who furnishes goods on credit to, for example, a grocery or drug corporation would be entitled to the same advantage. It is true that Pusey and Jones used these castings to supply customers with whom they had contracts and that the material thus furnished helped keep the business going. But that could also be true of the jobber who supplies merchandise to the grocery or drug store. Each must have new supplies to continue as a going concern. We would then have an entirely new class of preferred creditors, namely, those who supply goods to a failing corporation in order to keep it going during the six months prior to reorganization proceedings. And this result would apply with equal force, according to the argument for the appellant, whether the reorganization proceedings are successful or whether the corporation, failing to get a successful reorganization, moves into bankruptcy.

We do not think that this is a good result. The bankruptcy statute has specific provisions concerning the order in which claims are arranged for distribution of a bankrupt's estate.[3] We think

18 S.Ct. 657, 42 L.Ed. 1068; Burnham v. Bowen, 1884, 111 U.S. 776, 4 S.Ct. 675, 28 L.Ed. 596; Hale v. Frost, 1879, 99 U.S. 389, 25 L.Ed. 419. Some lower federal courts have extended the rule to other types of "public" corporations. See In re Madison Rys. Co., 7 Cir., 1940, 115 F.2d 586 (street railway); Crane Co. v. Fidelity Trust Co., 9 Cir., 1916, 238 F. 693, certiorari denied 1917, 244 U.S. 658, 37 S.Ct. 744, 61 L.Ed. 1375 (electric railway, light and water company); Keelyn v. Carolina Mut. Tel. & Tel. Co., C.C.D.S.C.1898, 90 F. 29 (telephone and telegraph company); Atlantic Trust Co. v. Woodbridge Canal & Irrigation Co., C.C.N.D.Cal.1897, 79 F. 39 (irrigation company). For a more complete listing, including cases in which the rule's application has been denied, see Fitz-Gibbon, The Present Status of the Six Months' Rule, 34 Colum.L.Rev. 230, 233 n. 8 (1934).

2. As District Judge Leahy put it: "[T]he public consensus does not equate a railroad for commuting [to] suburbia with a company manufacturing card tables and bridge lamps." In the Matter of Pusey & Jones Corp., D.C.D.Del.1961, 192 F.Supp. 233, 236 n. 13.

3. See, e. g., 11 U.S.C.A. §§ 93, sub. h (secured creditors), 104 (debts which have priority and their order of payment), 105 (dividends).

it is undesirable to create a new class of creditors by judge-made rules which would transcend the provisions carefully worked out in the bankruptcy act. If a new class of preferred creditors is to be established it should be done by the statute and not by ourselves.

The judgment of the district court will be affirmed.