**In re KAUAI LAUNDRY, INC., Debtor.**

**No. 81–00106.**

United States Bankruptcy Court,
D. Hawaii.

Dec. 30, 1983.

Gerald I. Fujita, Honolulu, Hawaii, for trustee.

Ralph Aoki, Honolulu, Hawaii, Trustee.

David N. Ingman, Honolulu, Hawaii, for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

The issue before the Court is whether Island Services Industries, Inc.'s claim for priority status should be recognized under the "six months' rule". A hearing on the matter was held on January 18, 1983. Present were Gerald I. Fujita, Esq. attorney for Trustee, who was also present, and David N. Ingman, Esq., attorney for Island Services Industries, Inc.

Based upon the evidence adduced, the records and memoranda on file and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Kauai Laundry, Inc., hereafter "Debtor", was incorporated on August 16, 1960 and commenced business in Eleele, Kauai. Sometime in 1979 or 1980, an oral agreement was made between Debtor and Island Services Industries, Inc., hereafter "Island Services", to enter into a joint lease for the existing Kauai Laundry facilities and premises. With regard to the oral agreement, the Debtor and Island Services have agreed by stipulation to the following facts:

(1) The joint operation began in 1980

(2) The parties entered the joint lease of the Kauai Laundry facilities because both parties were in the same business

(3) Expenses were to be shared on a prorata basis

(4) The parties were to remain separate entities and the profits were to be retained separately.

Island Services contends that, sometime within two years of the beginning of the joint venture, all of Debtor's accounts receivable were assigned to Island Services. The exact time and the reason for the alleged assignment is not shown on the records.

Island Services contends that it should be given a priority status because, during the six months immediately preceding Debtor's filing in Bankruptcy Court, it kept Debtor alive by extending credit and furnishing supplies to Debtor. Island Services contends that, from September 5, 1980 to March 4, 1981, it furnished goods and services to Debtor in the following sums:

$ 5,693.35 - supplies shipped from Honolulu
7,721.09 - fuel
4,586.95 - gasoline, etc. obtained by Debtor on Island Services' credit
12,193.46 - payroll and insurance advances
$30,194.85

On March 4, 1981, Debtor filed a voluntary petition for relief under Chapter 7.

On April 29, 1981, Island Services filed its motion for priority status.

A hearing on the matter was held on May 22, 1981, at which time the Trustee stated that he was objecting to Island Services' claim. As a result, the Court stated that, after the Trustee filed his formal objection, it would hold another hearing.

On December 29, 1981, the Trustee filed his objection to Island Services' claim. A hearing was then held on January 18, 1983 at which time the Court took the matter of Island Services' alleged priority status under advisement.

On July 18, 1983, a stipulation was filed concerning the claim of Island Services. It was agreed that the claim of Island Services was to be reduced from $41,101.32 to $24,467.48 and allowed as a claim against the estate. It was further agreed that the amount involved within the six-month period before the filing of the petition was to be reduced from $30,194.85 to $17,974.89.

## CONCLUSIONS OF LAW

The "six months' rule" was first applied by the United States Supreme Court in a railroad reorganization case. *Fosdick v. Schall,* 99 U.S. 235, 25 L.Ed. 339 (1878). There, the court allowed preferred treatment for creditors who, during the six months preceding the reorganization proceedings, had supplied the railroad with merchandise essential to its operation.

Other cases in which the Supreme Court has applied the same rule include *Southern Ry. Co. v. Carnegie Steel Co.,* 176 U.S. 257, 20 S.Ct. 347, 44 L.Ed. 458 (1900) and *Virginia & Alabama Coal Co. v. Central R.R. &*

*Banking Co.,* 170 U.S. 355, 18 S.Ct. 657, 42 L.Ed. 1068 (1898).

The "six months' rule" is a judicially-created rule and is not based upon any provision of the bankruptcy or reorganization statute. The "six months rule" has been applied (1) where a public service corporation is involved and (2) where the object is the continued operation of the public service facilities.

In the case of *Dudley v. Mealey,* 147 F.2d 268 (1945), the Second Circuit, in a Chapter X proceeding, extended the "six months' rule" to cover the reorganization of a hotel. In explaining the Dudley case, the Third Circuit Court in *In Re Pusey and Jones Corporation,* 295 F.2d 479 (1961) stated that the *Dudley* case "involved the reorganization of a hotel, which perhaps could be called a company affected with the public interest; innkeepers were certainly so regarded at common law."

In the *Pusey* case, however, the court refused to extend the "six months' rule" to a Chapter XI proceeding, even though the supplies being furnished by the creditor were necessary to the continued operation of the bankrupt's business.

In *In Re Hallmark Medical Services, Inc. v. William H. Martin,* 475 F.2d 801, 804 (1973), the Court emphasized the difference between a Chapter X and Chapter XI proceedings and stated:

> Regardless of equitable considerations, other courts have held that the 6-month rule can not in any case apply to a Chapter XI bankruptcy. Priorities in a chapter XI bankruptcy are determined by section 64(a) of the Act, whereas chapter X priorities are determined by principles of equity under section 115. There are no statutory priorities under chapter X. . . . (*Hallmark,* footnote 6).

In the instant case, Island Services has failed to satisfy the two criteria necessary to come within the "six months' rule". First, the laundry company is not considered a public service corporation, and second, there was no attempt to rehabilitate the laundry company. Instead Debtor filed

under Chapter 7 and all of the assets were liquidated.

As the court stated in the *Pusey* case, The bankruptcy statute has specific provisions concerning the order in which claims are arranged for distribution of a bankrupt's estate. We think it is undesirable to create a new class of creditors by judge-made rules which would transcend the provisions carefully worked out in the bankruptcy act. If a new class of preferred creditors is to be established it should be done by the statute and not by ourselves.

Because Debtor is not a public or a quasi-public corporation and because there has not been an effort to rehabilitate the company, the Court hereby finds that the "six months' rule" is inapplicable to the claim of Island Services. Thus, the motion for priority status is hereby denied.

A judgment will be signed upon presentment.